THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DUSTIN FIGUEROA-ESPINOZA,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER DENYING [1] MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER § 2255**<br><br>Case No. 2:21-cv-383-DBB<br><br>District Judge David Barlow |

Before the court is Petitioner Dustin Figueroa-Espinoza's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[1] Because the motion and record conclusively show that Petitioner is not entitled to relief, Petitioner's motion is DENIED.

### BACKGROUND

On June 5, 2020, Petitioner was charged by felony information with one count of illegal reentry.[2] On November 9, 2020, Petitioner rejected a plea agreement offered as part of this district's fast track program and pleaded guilty.[3] Petitioner was then sentenced to 37 months incarceration with credit for time served in the federal system.[4]

---

[1] Motion to Vacate under 28 U.S.C. § 2255, ECF. No. 1.
[2] *United States v. Figueroa-Espinoza*, 2:20-cr-172, ECF No. 1. To avoid confusion, the court will refer to documents in the underlying criminal case using "Crim. ECF No. #." Petitioner subsequently waived indictment. Crim. ECF No. 7.
[3] Crim. ECF Nos. 17; 18; 26 at 4, 6–7.
[4] Crim. ECF Nos. 16 at 13; 18

Petitioner filed a notice of appeal on November 19, 2020.[5] However, the appeal was subsequently dismissed at Petitioner's request.[6] Petitioner then filed the present motion seeking relief under 28 U.S.C. § 2255 on June 21, 2021.[7]

## STANDARD

A prisoner in custody under sentence of a federal court may move the sentencing court to vacate, set aside, or correct a sentence.[8] To obtain relief, a federal prisoner must establish:

> [T]hat the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .[9]

A motion under § 2255 is not a substitute for an appeal.[10] Additionally, "an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment."[11]

When a § 2255 motion is filed, "[t]he judge who receives [it] must promptly examine it."[12] If it is clear from the motion and record of prior proceedings that the motion cannot succeed, the court must dismiss it.[13] Otherwise, the court must order a response from the United States and, if necessary, grant a hearing on the motion.[14] Generally, a hearing is required only if

---

[5] Crim. ECF No. 21.
[6] Crim. ECF No. 31.
[7] ECF No. 1.
[8] 28 U.S.C. § 2255.
[9] *Id.*
[10] *United States v. Frady*, 456 U.S. 152, 165 (1982) ("[W]e have long and consistently affirmed that a collateral challenge may not do service for an appeal.").
[11] *United States v. Addonizio*, 442 U.S. 178, 184 (1979).
[12] Rules Governing § 2255 Proceedings Rule 4(b).
[13] 28 U.S.C. § 2255(b); Rules Governing § 2255 Proceedings Rule 4(b).
[14] 28 U.S.C. § 2255(b); Rules Governing § 2255 Proceedings Rule 4(b).

a genuine factual dispute exists.[15] A hearing is not required if the record conclusively shows that the prisoner is not entitled to relief.[16]

Because Petitioner is proceeding *pro se* the court construes his arguments liberally, but "this rule of liberal construction stops, however, at the point at which [the court] begins to serve as his advocate."[17] Petitioner still has the burden to allege "sufficient facts on which a recognized legal claim could be based," and "conclusory allegations without supporting factual averments are insufficient to state a claim. . . ."[18]

## DISCUSSION

Petitioner argues that he is entitled to relief for two main reasons.[19] First, he argues that he was misinformed about his right to plead not guilty.[20] He asserts that his attorney, Carlos A. Garcia, said that "[he] had no choice" but to plead guilty," and because Petitioner is not a native English speaker, and no interpreter was present, he believed that Garcia literally meant that there were no other options.[21] Second, Petitioner argues that Garcia provided ineffective assistance by telling him that his offense level was 20 when it was actually 17.[22] Petitioner asserts that he declined the fast-track agreement offered by the United States due to this mistake.[23]

---

[15] *United States v. Fields*, 949 F.3d 1240, 1246 (10th Cir. 2019), *cert. denied*, 141 S. Ct. 449 (2020).
[16] *Id.*; 28 U.S.C. § 2255(b).
[17] *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).
[18] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[19] ECF No. 1 at 6. Petitioner also makes general allegations such as "I was incorrectly represented by my federal public defender" and "[My attorney] misrepresented my previous history and left out important information that should have been brought to the courts [sic] attention." *Id.* at 5. However, conclusory allegations of ineffective assistance of counsel such as these cannot, on their own, show that Petitioner is entitled to relief. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (finding that a petitioner failed to state a valid ineffective assistance of counsel claim when his "allegations [were] merely conclusory in nature and without supporting factual averments.")
[20] ECF No. 1 at 6.
[21] *Id.*
[22] *Id.*
[23] *Id.*

### I. The Alleged Misunderstanding Between Petitioner and His Attorney Does Not Entitle Petitioner to Relief

On the face of Petitioner's motion, it is unclear whether he claims that his misunderstanding regarding his right to plead not guilty constitutes substantive error or ineffective assistance of counsel. Viewed as a substantive error claim, Petitioner appears to argue that his guilty plea was not knowing or voluntary because he misunderstood what Garcia said. Viewed as an ineffective assistance of counsel claim, Petitioner appears to argue that Garcia's performance was constitutionally deficient because he either failed to ensure that Petitioner understood that he was not required to plead guilty or failed to have an interpreter present. However, regardless of which type of claim Petitioner intended to assert, the record conclusively shows that he is not entitled to relief.

If Petitioner alleges substantive error, the claim that his guilty plea was not knowing or voluntary due to the misunderstanding between himself and Garcia is procedurally barred. "[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review."[24] Because Petitioner did not challenge the validity of his guilty plea through an appeal, such claims are procedurally defaulted here on collateral review.[25] Petitioner could overcome his procedural default if he showed (1) cause for the default and actual prejudice from the errors alleged[26] or (2) that the denial of relief would be a "fundamental miscarriage of justice,"[27] but Petitioner has not attempted to make such a showing here.[28]

---

[24] *Bousley v. United States*, 523 U.S. 614, 621 (1998).
[25] *See id.*
[26] *Frady*, 456 U.S. at 167–68.
[27] *Murray v. Carrier*, 477 U.S. 478, 496 (1986).
[28] Even if the court were to reach the merits of Petitioner's claim, it would not succeed. Petitioner's allegation that he could not understand Garcia's counsel is directly contradicted by the record from Petitioner's change of plea and sentencing hearing, which shows that Garcia speaks Spanish and was able to explain the legal consequences of the guilty plea to Petitioner in Spanish. *See* Crim. ECF No. 26 at 34–36. Additionally, Petitioner affirmed to the court through an interpreter that Garcia had been able to answer all questions he had to his satisfaction. *Id.* at 3, 7, 14. In any event, it is the court that ultimately must determine whether a defendant pleads guilty voluntarily and with full

The alleged misunderstanding between Petitioner and Garcia fails as an ineffective assistance of counsel claim as well. To succeed on a claim of ineffective assistance of counsel, Petitioner must show that (1) Garcia's representation fell below an objective standard of reasonableness and (2) Garcia's deficient performance prejudiced his defense.[29] Petitioner asserts he misunderstood Garcia's statements regarding guilty pleas because English is not his native language and no interpreter was present when he discussed pleading rights with his attorney.[30] However, the record indicates that Garcia communicated with Petitioner in Spanish, or at least that he was able to do so effectively.[31] Petitioner has failed to otherwise explain why these circumstances establish that his attorney's performance was deficient.

Even if Petitioner's allegations could establish that Garcia's performance was objectively unreasonable in those circumstances, Petitioner has provided no grounds for concluding that he was prejudiced by it. To show that he was prejudiced, Petitioner must "show 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"[32] Petitioner has made no allegations as to what he would have done had he not misunderstood Garcia's counsel regarding his right to plead guilty or not guilty, if indeed such a misunderstanding occurred. Thus, there is no basis for the court to conclude that there is a reasonable probability Petitioner would not have pleaded guilty had the misunderstanding not occurred.

---

knowledge of his rights before accepting such a plea. Fed. R. Crim. P. 11(b). The sentencing court questioned Petitioner at the hearing through an interpreter and found that his plea was "made freely and voluntarily with full knowledge of his legal rights and that there is a factual basis for the receipt of his plea." Crim. ECF No. 26 at 16. Petitioner has not challenged the sentencing court's findings.

[29] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).
[30] ECF No. 1 at 5–6.
[31] *See* Crim. ECF No. 26 at 34–36.
[32] *Lee v. United States*, 137 S. Ct. 1958, 1964 (2017) (citations omitted); *see also Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (holding that when a petitioner challenges a guilty plea based on ineffective assistance of counsel, the prejudice prong of the *Strickland* test focuses on whether the attorney's deficient performance "affected the outcome of the plea process").

For these reasons, the record conclusively shows that Petitioner's claim based on his alleged misunderstanding of his pleading rights does not entitle Petitioner to relief under § 2255.

## II. Petitioner has Failed to Show that his Attorney's Alleged Mistake Regarding His Offense Level Constitutes Ineffective Assistance of Counsel

As discussed above, to show ineffective assistance of counsel Petitioner must prove that (1) Garcia's representation fell below an objective standard of reasonableness and (2) Garcia's deficient performance prejudiced his defense.[33] Petitioner alleges that Garcia's performance was objectively unreasonable when he told Petitioner that Petitioner's offense level was 20 when it was actually 17.[34] Petitioner asserts that this mistake led to his declining the fast-track plea agreement the United States offered to him, which would have reduced his sentence.[35]

These allegations do not show that Petitioner is entitled to relief due to ineffective assistance of counsel. Petitioner offers no specific reason why Garcia's telling him that his offense level was 20, instead of 17, constitutes objectively unreasonable performance. Generally, an attorney's simple miscalculations, mistakes, or misstatements in estimating sentences are not objectively unreasonable.[36] In any event, Garcia ultimately argued, and the court found, that Petitioner's offense level was 17 at the change of plea and sentencing hearing.[37] Thus, any mistake Garcia may have made was corrected before Petitioner's sentencing.

Petitioner has also failed to show prejudice. Petitioner argues that Garcia's mistake regarding his offense level caused him to reject the fast-track plea agreement offered to him. But Petitioner utterly fails to support this allegation with facts and argument. Petitioner offers no

---

[33] *Strickland*, 466 U.S. at 687.
[34] ECF No. 1 at 6.
[35] *Id.*
[36] *See United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993) ("A miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel.").
[37] Crim. ECF Nos. 19 at 2; 26.

explanation as to why being told that his offense level was higher than it actually was, and thus that he faced a longer sentence then what he ultimately received, made him reject a fast-track agreement that would have reduced his sentence regardless of his offense level. In any event, the reason Petitioner now offers for why he declined the fast-track agreement is contradicted by the record. During the change of plea and sentencing hearing, after Petitioner confirmed his desire to reject the fast-track agreement, Garcia explained that Petitioner chose to do so because he wanted to request that the court give him a time-served sentence.[38]

For these reasons, Petitioner is not entitled to relief under § 2255.

## ORDER

Petitioner's motion to vacate, set aside, or correct his sentence is under 28 U.S.C. § 2255 is **DENIED**. A Certificate of Appealability is **DENIED**.

Signed September 27, 2021.

BY THE COURT

_____
David Barlow
United States District Judge

---

[38] Crim. ECF No. 26 at 4, 17.