THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DUSTIN FIGUEROA-ESPINOZA, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | **MEMORANDUM DECISION AND ORDER DENYING [7] MOTION TO RECONSIDER** <br><br> Case No. 2:21-cv-383-DBB <br><br> District Judge David Barlow |

Before the court is Petitioner Dustin Figueroa-Espinoza's motion[1] to reconsider the court's memorandum decision and order[2] denying Petitioner's motion for relief under 28 U.S.C. § 2255.[3] For the following reasons, the motion is DENIED.

On June 5, 2020, Petitioner was charged by felony information with one count of illegal reentry.[4] On November 9, 2020, Petitioner rejected a plea agreement offered as part of this district's fast-track program and pleaded guilty.[5] Petitioner was then sentenced to 37 months incarceration with credit for time served in the federal system, to be followed by deportation proceedings.[6] Petitioner filed a notice of appeal on November 19, 2020, but the appeal was

---

[1] Motion to Reconsider Court Order Denying 2255 Motion, ECF No. 7, filed November 29, 2021.
[2] Memorandum Decision and Order Denying [1] Motion to Vacate, Set Aside, Or Correct Sentence Under § 2255, ECF No. 2, filed September 27, 2021.
[3] Motion to Vacate under 28 U.S.C. § 2255, ECF. No. 1, filed June 21, 2021.
[4] *United States v. Figueroa-Espinoza*, 2:20-cr-172, ECF No. 1. To avoid confusion, the court will refer to documents in the underlying criminal case using "Crim. ECF No. #." Petitioner subsequently waived indictment. Crim. ECF No. 7.
[5] Crim. ECF Nos. 17; 18; 26 at 4, 6–7.
[6] Crim. ECF Nos. 16 at 13; 18

subsequently dismissed at Petitioner's request.[7] Petitioner then filed a motion seeking relief under 28 U.S.C. § 2255 on June 21, 2021,[8] which the court denied on September 27, 2021.[9]

Petitioner now asks the court to reconsider its order denying relief under § 2255 because he was unable to adequately articulate his arguments in his original motion.[10] He asserts that he is entitled to relief under § 2255 because his counsel provided ineffective assistance by failing to (1) investigate and challenge the basis of Petitioner's prior deportation and (2) investigate and advise Petitioner as to whether a time-served sentence was truly a possible outcome if he declined the United States' fast-track agreement.[11]

However, Petitioner's motion to reconsider must be denied because it is, in substance, a second or successive § 2255 motion that has been filed without proper authorization.[12] Petitioner's motion to reconsider is most appropriately considered a motion for relief from judgment under Federal Rule of Civil Procedure 60(b).[13] Under Tenth Circuit case law, a Rule 60(b) motion that follows a judgment denying a § 2255 motion is considered a second or successive § 2255 motion "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction."[14] Here, Petitioner's motion to reconsider does no

---

[7] Crim. ECF Nos. 21, 31.
[8] ECF No. 1.
[9] ECF No. 2.
[10] ECF No. 1 at 1.
[11] *Id.* at 1–6.
[12] *See* 28 U.S.C. § 2255(h) (stating that a "second or successive [§ 2255] motion must be certified . . . by a panel of the appropriate court of appeals to contain" either (1) newly discovered evidence that clearly and convincingly establishes that the Petitioner was not guilty of the offense of conviction or (2) a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review).
[13] Motions to reconsider are not explicitly recognized under the Federal Rules of Civil Procedure and, thus, are generally considered motions under either Rule 59 or Rule 60(b). *See Warren v. Am. Bankers Ins. of FL*, 507 F.3d 1239, 1243 (10th Cir. 2007). Petitioner's motion is most appropriately evaluated as a motion for relief from judgment under Rule 60(b) because it was filed more than 28 days after judgment on his § 2255 motion was entered. *See id.* at 1243–44.
[14] *United States v. Elliott*, 807 F. App'x 801, 803 (10th Cir. 2020) (unpublished) (quoting *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006)). A Rule 60(b) motion in such cases is not a second or successive § 2255 motion if it "(1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a

more than assert grounds for relief under § 2255 that he did not include in his original motion, so it is, therefore, a second or successive § 2255 motion. Because Petitioner did not receive authorization from the court of appeals to file a second or successive § 2255 motion, the court lacks jurisdiction to consider it.[15] And while the court has the discretion to transfer the motion to the court of appeals for authorization, instead of dismissing it, if it is in the interest of justice to do so, the court finds that such a transfer is not in the interest of justice here.[16]

## ORDER

For the foregoing reasons, Petitioner's motion to reconsider is **DENIED** and **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Signed December 16, 2021.

BY THE COURT:

_____
David Barlow
United States District Judge

---

challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id.* (quoting *Spitznas*, 464 F.3d at 1215–16).

[15] *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until this court has granted the required authorization.").

[16] *See* 28 U.S.C. § 1631; *In re Cline*, 531 F.3d at 1252 ("When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction.").